IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN-WATERLOO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Crim. No. 09- 2027 |
| | ) | |
| Plaintiff, | ) | **COUNT 1** |
| | ) | 21 U.S.C. § 846 |
| | ) | (Conspiracy to Distribute Marijuana) |
| v. | ) | |
| | ) | **COUNT 2** |
| JASON LEONARD BOYACHEK, | ) | 18 U.S.C. § 1956(h) |
| | ) | (Money Laundering Conspiracy) |
| | ) | |
| Defendant. | ) | FORFEITURE |
| | ) | 21 U.S.C. § 853(a) |
| | ) | 18 U.S.C. § 982(b) |

The Grand Jury charges:

## COUNT 1

Between about 2005 and May 18, 2007, in the Northern District of Iowa and elsewhere, JASON LEONARD BOYACHEK, did knowingly and unlawfully combine, conspire, confederate and agree with other persons both known and unknown to the Grand Jury to distribute and possess with intent to distribute 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

This in violation of Title 21, United States Code, Sections 841(b)(1)(A) and 846.

## COUNT 2

Between about 2005 and May 18, 2007, in the Northern District of Iowa and elsewhere, JASON LEONARD BOYACHEK, did knowingly and unlawfully combine, conspire, confederate and agree with other persons whose names are known and unknown to the Grand Jury, to commit the following crimes against the United States:

PRESENTED IN OPEN COURT
BY THE
FOREMAN OF THE GRAND JURY
IN THE PRESENCE OF THE
GRAND JURY
And filed 8/16/09
ROBERT L. PHELPS, CLERK

(1) knowing the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such a financial transaction involving the proceeds of specified unlawful activity with the intent to promote the carrying on of the specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(2) knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such a financial transaction involving the proceeds of specified unlawful activity knowing the transaction was designated in whole or in part of conceal and disguise the nature, location, source, ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

This in violation of Title 18, United States Code, Section 1956(h).

## FIRST FORFEITURE ALLEGATION

By virtue of the commission of the foregoing offense alleged in Count 1 of this Indictment, defendant, JASON LEONARD BOYACHEK, shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a)(1) and (2), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations, including but not limited to the following:

A sum of money equal to $3,700,000 in US currency, representing the amount of proceeds obtained as a result of the offense of conspiracy to distribute marijuana.

Pursuant to Title 21, United States Code, Section 853(p), defendant shall forfeit substitute property, up to the value of the amount described above, or any portion thereof, if the property cannot be located upon the exercise of due diligence; has been transferred, sold to or deposited with a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been

2

commingled with other property which cannot be divided without difficulty.

All in accordance with Title 21, United States Code, Section 853(a) and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

## SECOND FORFEITURE ALLEGATION

Pursuant to Title 18, United States Code, Section 982(a)(1), JASON LEONARD BOYACHEK, upon conviction of the offense set forth in Count 2 of this Indictment, shall forfeit to the United States the following property:

a. All right, title and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1956, or conspiracy to commit such offense, for which the defendant is convicted, and all property traceable to such property, including the following: (1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956; (2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and (3) all property used in any manner or part to commit or to facilitate the commission of those violations.

b. A sum of money equal to the total amount of money involved in the offense, for which the defendant is convicted.

This forfeiture allegation includes, but is not limited to the following property:

MONEY JUDGMENT

A sum of money equal to $3,700,000 in US currency, representing the amount of proceeds obtained as a result of the offense of conspiracy to distribute marijuana and proceeds of the money laundering offense.

All in accordance with Title 18, United States Code, Section 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

_____
Foreperson

Sept 16, 2009
Date

MATT M. DUMMERMUTH
United States Attorney

By: *(signature)*

PATRICK J. REINERT
Assistant United States Attorney

4