Department of Justice    Ministère de la Justice
Canada                   Canada

International Assistance Group
East Memorial Building
284 Wellington Street
Ottawa, Ontario
K1A 0H8

Telephone: 613-948-3003
Facsimile: 613-957-8412

July 17, 2014

**BY COURIER AND E-MAIL**

Ms. Mary Ellen Warlow
Director
Office of International Affairs
U.S. Department of Justice
Suite 800 - 1301 New York Avenue, N.W.
Washington D.C.
20005

Dear Ms Warlow:

Further to general queries made with respect to the enforceability of an anticipatory waiver of extradition pursuant to Canadian law, I provide you with the following information that may be of assistance to courts in the United States.

The *Extradition Act*, S.C. 1999, c. 18 (the Act) provides the domestic legal framework for extradition to and from Canada. The *Extradition Act* contemplates three types of proceedings which can take place before an extradition judge in Canada.

Section 29 of the Act provides for a hearing, at which the extradition judge will assess the sufficiency of the evidence and the person sought for extradition will have the right to contest committal for extradition.

Sections 70, 71, and 72 of the Act provide mechanisms by which a person sought for extradition may either consent to part of the extradition process, consent to all of the extradition process or waive extradition. These sections are mutually exclusive procedures which have distinct processes and consequences. They may be resorted to by a person whose extradition has been sought from Canada only after the person has been arrested or summoned to Court pursuant to proceedings taken pursuant under the Act, in furtherance of an extradition request, or provisional arrest request made to Canada by a foreign state or entity. The consent provisions in the Act allow a person to truncate the extradition process while still maintaining the ability to challenge some aspects of their extradition. However, when a person chooses to waive extradition pursuant to s. 72 of the Act, they are eligible for immediate surrender to the state requesting their extradition.

As described above, sections 70, 71, and 72 each require the commencement of extradition proceedings in Canada before they can operate. Each provides for a person sought for extradition to agree to consent to extradition, consent to surrender, or waive extradition as the case may be *after* the issuance of process pursuant to the *Extradition Act*.

GOVERNMENT EXHIBIT 2

Detention hearing

The *Extradition Act* has made no provision for an extradition judge to enforce a consent or waiver, or an intention to consent or waive extradition, made prior to the initiation of extradition proceedings in this country.

If a person were to purport to enter into an anticipatory waiver of extradition as a condition of their bail on charges in a foreign state and then reneged on that undertaking upon arrival in Canada, there would be no mechanism in Canadian law to enforce the undertaking. An anticipatory waiver is not contemplated by the Act. Indeed, the lack of express statutory authority to enforce a prior undertaking to waive extradition would likely lead to extensive litigation in Canadian courts. Of course, whether a person accused or convicted of a crime outside of Canada can be trusted to honour the bail terms established by the foreign court is primarily an issue between that person and the foreign court.

Sincerely,

Janet Henchey
Director General and Senior General Counsel
International Assistance Group- Litigation Branch