# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASON LEONARD BOYACHEK,<br><br>Defendant. | Case No. CR09-2027<br><br>ORDER FOR PRETRIAL DETENTION |

On the 31st day of March, 2015, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, Leon F. Spies.

## I. RELEVANT FACTS AND PROCEEDINGS

On September 16, 2009, Defendant Jason Leonard Boyachek was charged by Indictment (docket number 2) with conspiracy to distribute marijuana (Count 1) and money laundering conspiracy (Count 2). At the arraignment on March 27, 2015, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on May 26, 2015.

Neither party offered any testimony at the time of hearing. According to the pretrial services report, Defendant (age 41) was born in Canada and has lived there most of his life. Defendant told the pretrial services officer that he lived in Chicago from about 2003 to 2005. Defendant's parents and two siblings reside in Canada. Defendant has never been married and has no children. Defendant is engaged, however, and would live with his fiancé in Canada if released.

Defendant is unemployed and has not been "formally employed" since 2009. He supports himself by doing occasional work for construction companies and day-trading stocks. He is in good physical health, but was treated for anxiety between about 2007 and 2009. Defendant denies the use of illegal controlled substances. He has no prior criminal record.

On September 16, 2009, a grand jury returned the indictment in this case, charging Defendant with conspiracy to distribute 1,000 kilograms or more of marijuana, and money laundering. A warrant was issued for his arrest at that time. In August 2010, the United States requested that Defendant be extradited from Canada. A Canadian warrant was issued for his arrest on January 13, 2011, but he apparently was not located until September 11, 2011. Defendant vigorously contested his extradition, and the extradition hearing took place over a two-year period. Following an adverse ruling, Defendant appealed the decision to the British Columbia Court of Appeal. On November 14, 2014, the Court of Appeal issued a detailed Ruling (Government's Exhibit 1) denying Defendant's appeal. Defendant then appealed to the Canadian Supreme Court, but ultimately discontinued his appeal on March 5, 2015. *See* Defendant's Exhibit B. He was then arrested and returned to the United States.

While extradition proceedings were pending, Defendant was supervised by the British Columbia Department of Corrections. Defendant's bail supervisor reported that Defendant fully complied with the terms of his supervision. *See* Defendant's Exhibit A. Defendant submitted numerous letters attesting to his good character. *See* Defendant's Exhibits D-T.

Janet Henchey, Director General and Senior General Counsel of the International Assistance Group of the Canadian Department of Justice, describes in two letters (Government's Exhibits 1 and 2) Canadian law regarding extradition. According to Ms. Henchey, there is no mechanism in Canadian law to enforce an "anticipatory waiver of extradition" as a condition of bail. That is, if Defendant is released and returns to

Canada, any agreement to return voluntarily to the United States is unenforceable. Instead, Canadian authorities would have to file a new extradition proceeding. Ms. Henchey opined that "[t]his process is likely to take several years and would require substantial resources to complete."

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition

or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id*. *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conpsiracy to distribute marijuana and money laundering conspiracy. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to 18 U.S.C. § 3142(f)(1)(C).

Because there is probable cause to believe that Defendant committed a serious drug offense, there is a rebuttable presumption that he should be detained pending trial. If convicted on Count 1, Defendant faces a mandatory minimum ten years in prison. That fact may be considered in determining whether Defendant will fail to appear for further court proceedings. Notably, Defendant vigorously fought extradition for three and one-half years, before finally discontinuing his appeal before the Canadian Supreme Court. If Defendant was released to return to Canada and then failed to return to the United States for further proceedings, a second extradition proceeding would be lengthy and costly. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions

will reasonably assure the appearance of Defendant as required. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (March 27, 2015) to the filing of this Ruling (March 31, 2015) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 31st day of March, 2015.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA