IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. CR 09-2027-LRR |
| vs. | ) |
| JASON LEONARD BOYACHEK, | ) |
| Defendant. | ) |

**RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**

The United States files this response to defendant's motion for variance filed on October 5, 2015. (Docket # 49).

### I. A DOWNWARD VARIANCE IS NOT WARRANTED

Defendant's uncontested advisory guidelines range is 46 to 57 months' imprisonment, prior to any government departure motions. Defendant seeks a downward variance pursuant to 18 U.S.C. § 3553(a).

In support of his request for a below-guidelines sentence, defendant claims that: (1) his character and mental health history "made him particularly susceptible to the undue influence of others"; (2) he has no criminal history; (3) he voluntarily "withdrew" from the criminal activity; (4) he obeyed his Canadian pretrial release conditions; (5) a sentence within the range would create unwarranted sentence disparity; (6) his post-offense conduct demonstrates rehabilitation; (7) defendant will be restricted from reentering the United States; (8) defendant may be subject to programming restrictions due to his status as a citizen of Canada; (9) defendant has

"an otherwise outstanding character"; and (10) defendant presents a low risk of recidivism. (Docket 49-1, page 6).

These are relevant considerations for the Court to consider, however, they do not warrant a variance under 18 U.S.C. § 3553(a) from the advisory guidelines range either individually or if taken in aggregate.

First, defendant claims he was "particularly susceptible to the undue influence of others" as a grounds for a variance. Assuming for sake of discussion that he was weak-willed or overly trusting of others, the defendant's trusting nature does not suggest a sentence below the advisory guidelines range is warranted as a variance. Defendant raises no claim of competence or an inability to understand the wrongfulness of his actions. Defendant was illegally in the United States for an extended period of time to serve as a money courier for a large-scale drug trafficking organization. Although he regrets his involvement now, at the time he understood that he was part of a criminal venture and chose to participate in it, and his lower level of culpability is already reflected in the role in the offense reduction and the role cap, resulting in a 4-level reduction in his advisory guidelines range.

Second, defendant claims he should have a reduced sentence due to his absence of a criminal history. Defendant's criminal history is not sufficiently out of the ordinary from other category I offenders such that a variance is warranted. Defendant's criminal history is reflected in his category I criminal history category and defendant received a 2-level reduction under the safety valve to avoid the 10-year mandatory minimum based upon his low criminal history.

2

Third, defendant seeks a variance claiming that he "withdrew" from the criminal behavior. Defendant, at best can show the defendant ceased his criminal behavior. To show withdrawal, defendant would have to "'demonstrate that he took affirmative action to withdraw from the conspiracy by making a clean breast to the authorities or by communicating his withdrawal in a manner reasonably calculated to reach his coconspirators.'" *United States v. Jackson*, 345 F.3d 638, 648 (8th Cir. 2003) (*quoting United States v, Zimmer*, 299 F.3d 710, 718 (8th Cir 2002). By the time defendant stopped his criminal behavior in the United States, he had already been interdicted and had money seized from him on the train and law enforcement had seized over $700,000 in cash from his storage unit. This is hardly strong evidence of a "withdrawal" to support a variance. The evidence of returning to Canada after the currency seizures could also be viewed as a flight from justice.

Fourth, defendant seeks a variance because he obeyed the terms of his lengthy release while he was challenging extradition. A defendant obeying the law and abiding by the terms and conditions of release is the minimum expected by a person on release. Committing no new crimes and engaging in no prohibited conduct while on release is hardly grounds for a variance from the advisory guidelines range.

Fifth, defendant seeks a variance claiming a sentence within the advisory guidelines range would cause unwarranted sentencing disparity. Defendant's case is not sufficiently similar to the other co-defendants to prove an unwarranted disparity by a within-the-advisory-guidelines-range sentence. Each of those

3

defendant had different drug quantities, roles in the offense and varying levels of cooperation resulting is sentences below the guidelines range. Also due to a variety of changes to the guidelines sentencing regime that occurred while the defendant was a fugitive and pending extradition from Canada, defendant is starting at a lower guidelines range than his codefendants. Imposing a sentence within the advisory guidelines sentencing range in this case is not contrary to the tenets of 18 U.S.C. § 3553(a). A variance is unwarranted.

Sixth, defendant seeks a variance based upon his post-offense rehabilitative behavior. Extraordinary post-offense rehabilitation can support a departure from the advisory guidelines and significant or atypical post-offense rehabilitation can support a downward variance. *See United States v. Chapman*, 356 F.3d 843, 847-850 (8th Cir. 2004) (departure); *United States v. Lazenby*, 439 F.3d 928, 932-33 (8th Cir 2006) (variance). In support of his request, defendant describes his lawful employment, treatment by a mental health provider, involvement in positive personal relationships, and compliance with his release conditions. (Docket 49-1, page 10-11). Although defendant's activities are laudable, it does not appear they rise to the level of significant or atypical post-offense rehabilitation.

In the next two grounds for variance, defendant suggests a reduced sentence is warranted based upon his status as a foreign national convicted of a drug crime may adversely impact his ability to reenter the United States, and he may be subject to programing restrictions and be "ineligible for work details or other programs outside the secure perimeter of the institution." (Docket 49-1, page 11).

4

Certainly the fact that defendant has no lawful immigration status in the United States may impact his ability to be outside the institution, result in him being deported at the end of his term of incarceration, and will make it more difficult for him to ever lawfully enter the United States in the future. These collateral consequences do not warrant a downward variance. They are not individualized and apply equally to every undocumented alien prosecuted in the United States. Furthermore, a downward variance due to his alien status is a reward for his addition crime of unlawfully entering the United States.

Finally, defendant requests variance based upon his "otherwise outstanding character" and a claim that he presents a low risk to recidivate. These generalized claims, if supported by sufficient evidence to show defendant's individualized characteristics were atypical or significantly different than the typical Category I offender, could grounds for variance. However, in this case it does not appear a variance is warranted.

The Court is required to impose a sentence that is "sufficient, but not greater than necessary," to meet the goals of sentencing in 18 U.S.C. § 3553(a). A sentence within the advisory guidelines range as a starting point before any USSG § 5K1.1 departure is the appropriate sentence under the 18 U.S.C. § 3553(a) factors.

5

## II. CONCLUSION

The Court should decline defendant's invitation to vary downward.

Respectfully submitted,

KEVIN W. TECHAU
United States Attorney

By, *[signature]*

PATRICK J. REINERT
Assistant United States Attorney
111 Seventh Avenue, SE, Box 1
Cedar Rapids, IA 52401
319-363-6333
319-363-1990 (Fax)
Pat.Reinert@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on October 8, 2015.

UNITED STATES ATTORNEY

BY: s/ SKV

COPIES TO: Leon Spies